IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HOUSTON SPECIALTY INSURANCE COMPANY AND SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | 1:19-cv-03319-CAP |
| THE FIVE PACES INN CO., ENRIQUE ROBLES and ANNALEE HUNTER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANNALEE HUNTER'S MOTION TO DISMISS AND NOTICE OF JOINDER WITH FIVE PACES' MOTION TO DISMISS**

Pursuant to Rule 12(b)(1), Rule 12(b)(6) and invoking this Court's discretion under 28 U.S.C.A. § 2201(a) (stating a district court "**may** declare the rights" of a party seeking a declaration) (emphasis added), Defendant Annalee Hunter respectfully moves this Court to dismiss the Petition for Declaratory Judgment filed by Houston Specialty Insurance Company ("HSIC") and Scottsdale Insurance Company ("Scottsdale") (collectively, "Insurers"). In addition, Codefendant The Five Paces Inn Co. ("Five Paces"), is contemporaneously filing its own motion to dismiss. Ms. Hunter joins in Five Paces' motion.

## I. STATEMENT OF FACTS

On June 19, 2018, Ms. Hunter filed a lawsuit styled *Annalee Hunter v. The Five Paces Inn Co.* ("Underlying Lawsuit"). (Doc 1-2) The Underlying Lawsuit followed a night out with girlfriends on July 3, 2016, at a tavern. (Doc 1-2, ¶6) The tavern is owned and run by Five Paces. (Doc 1-2, ¶7) Ms. Hunter was an invitee at the tavern, and Five Paces owed her the customary duties to maintain a safe establishment and to not unreasonably expose her to harm. (Doc 1-2, ¶8)

At approximately 2:00 a.m., Ms. Hunter's girlfriends were asked to leave the tavern. (Doc 1-2, ¶9) Ms. Hunter was in the bathroom when her girlfriends were asked to leave. (Doc 1-2, ¶10) As she left the bathroom, a Five Paces employee gave Ms. Hunter a drink and a "blue shot" that rendered her defenseless. (Doc 1-2, ¶¶11-12) Ms. Hunter alleges that this and other actions by Five Paces and its agents constituted a failure to exercise reasonable care for her safety and other theories of negligence. (Doc 1-2, ¶32)

Ms. Hunter had intended to meet her designated driver and other girlfriends outside the tavern so that they could take her home safely. (Doc 1-2, ¶13) Her girlfriends repeatedly attempted to reenter the tavern, but agents of Five Paces would not let them rescue Ms. Hunter. (Doc 1-2, ¶14) Ms. Hunter's girlfriends texted her, trying to find out if she was safe, but got no response. (Doc 1-2, ¶16)

Growing ever more fearful, the girlfriends told Five Paces agents they wanted to reenter to find Ms. Hunter and get her home safely, but Five Paces' agents refused to allow them to help Ms. Hunter leave the tavern. (Doc 1-2, ¶14 and ¶17)

After all of this, a Five Paces agent raped Ms. Hunter. (Doc 1-2, ¶¶20-21)

During the Underlying Lawsuit, the parties diligently and cooperatively engaged in discovery for almost a year, from August, 2018, to the Fall of 2019. (Five Paces Motion to Reopen Discovery, Exhibit A, ¶¶2-3)[1] Thereafter, discovery was extended an additional six months to June, 2019. (Exhibit A, ¶4) As the second discovery period closed, Five Paces moved to reopen discovery to, *inter alia*, depose Ms. Hunter. (Exhibit A, ¶13) The trial court did not grant the motion.

The parties worked together to submit a Pretrial Order ("PTO") to the trial court. (Exhibit B) The agreed-upon PTO recognizes that the claims alleged in the original complaint include false imprisonment. (Exhibit B, PTO, ¶¶8-9)[2]

---

[1] "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Id.* The insurers seek a declaration with regard to the Underlying Lawsuit, so all pleadings in the Underlying Lawsuit are central to their claim. The documents attached are all on file in the public record and their authenticity is not disputed.

[2] Even if the PTO submitted by the parties is not "central" to the claims, false imprisonment is fairly pled in the complaint the Insurers attached to their Petition.

## **II. ARGUMENT AND CITATION TO AUTHORITY**

### **A. Applicable Standard.**

This Court has summarized *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Kynes v. PNC Mortgage*, 2013 WL 4718294, *3 (N.D. Ga.) (granting motion to dismiss).

Significantly for this case, *Twombly* and *Ashcroft* distinguish between factual allegations and legal argument and conclusion masquerading as factual allegations: "The Court, however, is not required to accept Plaintiffs' legal conclusions." *Id*. at * 2. "Nor will the Court "accept as true a legal conclusion couched as a factual allegation." *Id*. In ruling on a motion to dismiss, a court may consider documents attached to a complaint. *Id*. at *4. *See also*, *Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 695-96 (11th Cir. 2014).

In this case, the factual allegations include the complaint in the Underlying Lawsuit and the plain language of the insurance policies. As shown below, looking at these facts, as opposed to the Insurers' legal conclusions masquerading as facts, it is clear that the plain language of the policies compared to the allegations in the Underlying Lawsuit trigger the duty to defend as a matter of law. Accordingly, the Insurers have failed to state a claim upon which relief can be granted, and their Petition must be dismissed.

## B. There Is a Duty to Defend as a Matter of Law.

### 1. The duty to defend is broad and triggered even if there is only "potential" or "arguable" coverage.

The duty to defend is broader than the duty to indemnify, and "whether an insurer has a duty to defend depends on the language of the policy as compared with the allegations of the complaint." *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407-08, 730 S.E.2d 413, 418 (2012) (affirming trial court's ruling that insurer had duty to defend). "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." *Id.* at 408, 418.

"[I]t is only where the complaint sets forth true factual allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense." *Penn-America Ins.*

*Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 566, 490 S.E.2d 374, 376 (1997) (affirming trial court that ruled there was a duty to defend as a matter of law). The duty to defend is triggered even if the complaint shows only *"potential"* or *"arguable"* coverage. *Id* (emphasis added).

The insurer must liberally construe coverage and defend even if there is only a possibility of coverage. *Colonial Oil Industs., Inc. v. Underwriters,* 268 Ga. 561, 562, 491 S.E.2d 337 (1997). Conversely stated, a carrier need not defend only if it is clear to an *absolute certainty* that the plaintiff in the underlying litigation can prove no set of facts entitling them to relief that is covered under the policy. *See, Anderson v. Southern Guar. Ins. Co. of Ga.*, 235 Ga. App. 306, 508 S.E.2d 726 (1998), *cert. denied*, Feb. 26, 1999. As one court summarized:

> If the facts as alleged in the complaint *even arguably* bring the occurrence within the policy's coverage, the insurer has a duty to defend the action. Indeed, to excuse the duty to defend the petition must unambiguously exclude coverage under the policy, and thus, the duty to defend exists if the claim potentially comes within the policy. *Where the claim is one of potential coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.*

*Landmark Am. Ins. Co. v. Khan*, 307 Ga. App. 609, 611, 705 S.E.2d 707, 710 (2011), *cert. denied* Sept. 6, 2011 (emphasis in original).

2. Even if some claims are excluded, the insurer must defend if only one claim triggers "potential" or "arguable" coverage.

When a plaintiff makes multiple claims – some excluded and some covered – the insurer must defend the entire suit. *S. Tr. Ins. Co. v. Mountain Express Oil Co.*, 828 S.E.2d 455, 458 (Ga. Ct. App. 2019), *recon. denied* (June 27, 2019). *See also*, *Cotton States Mut. Ins. Co. v. Crosby*, 244 Ga. 456, 260 S.E.2d 860 (1979) (ruling that although rape claim was excluded from coverage, potential coverage for unlawful detention claim required insurer to defend suit).

3. Ms. Hunter's false imprisonment claim triggers potential or arguable coverage.

The CGL form of the HSIC policy includes a separate coverage for "Personal and Advertising Injury" as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

(Doc 1-3, p. 51 of 143, Coverage B) "Personal and advertising injury" is defined to include "False arrest, detention or imprisonment." (Doc 1-3, p. 60 of 143, Definition 14)

By alleging that Five Paces improperly kept Ms. Hunter's girlfriends from retrieving her while she was defenseless, the underlying complaint at least *"potentially"* pleads false imprisonment. *Penn-America*, 490 S.E.2d at 376. The

allegations at least *"arguably"* allege that Five Paces falsely imprisoned Ms. Hunter by not allowing her to leave and/or rendering her "defenseless" when it was time for her to leave. *Id*. The parties acknowledged false imprisonment was part of the Underlying Litigation in the PTO. (Exhibit B, PTO, ¶¶8-9)

The Insurers cannot plausibly contend that "it is clear to an *absolute certainty* that [Ms. Hunter] can prove no set of facts entitling [her] to relief [for false imprisonment]." *Anderson*, 508 S.E.2d at 726. Based on the facts alleged in the complaint, there is a duty to defend as a matter of law. If only one claim triggers potential or arguable coverage, HSIC must defend the entire suit. The Insurers have failed to state a plausible set of facts that would allow this Court to rule that there is no duty to defend. This Court should grant this motion to dismiss.

4. Ms. Hunter's complaint triggers the duty to defend under the "Liquor Liability" coverage form.

The HSIC policy includes a "Liquor Liability Coverage Form" that provides insurance protection as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.

(Doc 1-3, p. 81 of 143, §I.1.a)

A central allegation in Ms. Hunter's complaint is that the drink and "blue shot" served and furnished to her were alcoholic beverages that rendered her defenseless and caused her injury. "[L]iberally constru[ing] coverage," as the Supreme Court of Georgia commands, there is at least potential or arguable coverage for Five Paces under the Liquor Liability coverage. *Colonial Oil*, 491 S.E.2d at 337. Indeed, why else would a tavern pay a separate premium for something called "Liquor Liability Coverage Form" but for insurance protection when a guest sues the tavern, alleging injury from drinks and shots served?

The Insurers cannot plausibly contend "it is clear to an *absolute certainty* that [Ms. Hunter] can prove no set of facts entitling [her] to relief [for negligently serving her liquor]." *Anderson*, 508 S.E.2d at 726. Based on the facts alleged in the complaint, there is a duty to defend as a matter of law. If only one claim triggers potential or arguable coverage, HSIC must defend the entire suit. The Insurers have failed to state a plausible set of facts that would allow this Court to rule that there is no duty to defend. This Court should grant this motion to dismiss.

5. False imprisonment and liquor liability do not **"arise out of"** any assault, battery or sexual assault.

The HSIC policy includes an Assault and Battery Endorsement providing limited coverage of $25,000 that the Insurers contend to be exhausted. (Doc 1-3, p. 38 of 143) This Court must take that allegation to be true in deciding this

motion to dismiss. Exhaustion of the limited coverage is immaterial, however, if any one of the other multiple coverages trigger potential or arguable coverage. As explained above, the duty to defend is triggered by the false imprisonment and liquor liability claims.[3] The Insurers nonetheless contend coverage is barred by exclusions incorporated into the other coverages by the Assault and Battery Endorsement. Those exclusions bar coverage for

> Injury, damage or loss, however caused, arising, directly or indirectly, out of 1. Assault; 2. Battery; 3 Any 'assault or battery incident'.

(Doc 1-3, p. 40 of 143, Exclusions A and B)[4]

The key phrase is "arising out of."

"When the phrase 'arising out of' is found in an exclusionary clause of an insurance policy, we apply the 'but for' test traditionally used to determine cause-in-fact for tort liability. *Hays v. Georgia Farm Bureau*, 314 Ga. App. 110, 114, 722 S.E.2d 923, 927 (2012). "Claims arise out of the excluded conduct when 'but

---

[3] False imprisonment and liquor liability are not the only allegations triggering the duty to defend. For example, Ms. Hunter also alleges general negligence that *arguably* or *potentially* triggers coverage and the duty to defend. (Doc 1-2, p.9, Count III) Although the allegations of false imprisonment and liquor liability are sufficient to trigger the duty to defend, Ms. Hunter reserves the right to later assert that other allegations not addressed in this brief trigger the duty to defend.

[4] For the purposes of this motion, the Court may assume that *under the terms of the HSIC policy*, rape is a battery. Ms. Hunter reserves the right to argue to the contrary in later proceedings, as the HSIC policy defines "sexual assault" as something different than assault and battery. (Doc 1-3, p. 40 of 143, Exclusion C)

for' that conduct, there could be no claim against the insured." *Id*. "Stated differently, a claim does not 'arise out of' a circumstance if, independent of that circumstance, the claim could still exist." *USMoney v. Am. Int'l Speciality Lines Ins. Co.*, 288 F. App'x 558, 560 (11th Cir. 2008).

Under these principles, if the insured has potential coverage for acts taking place prior to excluded acts, there is potential coverage and a duty to defend. For example, if the plaintiff seeks damages for an unlawful detention and for a rape subsequent to the unlawful attention, and the policy excludes coverage for liability "arising from bodily injury," there is coverage for the unlawful detention, as it did not "arise from" the rape. *Cotton States*, 260 S.E.2d at 862.

Ms. Hunter was rendered defenseless and injured by the alcoholic beverages before any rape occurred. Before any rape occurred, she had a cause of action in negligence against Five Paces. Thus, her injury, damage or loss does not all "arise out of" the rape. The assault and battery exclusions do not apply to bar coverage for Five Paces' Liquor Liability coverage.

Ms. Hunter was falsely imprisoned before any rape occurred. Before any rape occurred, she had a cause of action for false imprisonment against Five Paces. Thus, her injury, damage or loss does not all "arise out of" the rape. The assault

and battery exclusions do not apply to bar coverage for Five Paces' "personal and advertising injury" coverage for "false imprisonment."

According to the allegations in the Insurers' Petition (i.e., the policy and the underlying complaint), at least some of Ms. Hunter's alleged damages **do not** arise out of assault, battery or rape. There is an arguable or potential duty to defend under the facts alleged. Accordingly, the Insurers have failed to state a claim, and the Court should dismiss the complaint.

6. The "Designated Premises Endorsement" does not vitiate the duty to defend.

The Scottsdale policy includes a "Designated Premises Endorsement" that Scottsdale alleges to apply. (Doc 1, Count V) Ms. Hunter was falsely imprisoned on the Five Paces premises. She was served the drink and blue shot and rendered defenseless on the Five Paces premises. Ms. Hunter clearly alleges injury and damage taking place on the Five Paces premises. The Designated Premises Endorsement cannot vitiate the duty to defend under any plausible set of facts alleged in the Insurers' Petition. As explained below, whether the Designated Premises Endorsement affects the duty to indemnify is not ripe. The Court should dismiss Count V without prejudice.

**C. Determination of the Duty to Indemnify is Not Ripe.**

"[T]he duty to indemnify is not ripe because the Underlying Suit is pending, and that duty is dependent on the outcome of that case." *Auto-Owners Ins. Co. v. Deerlake Homeowners*, 2012 WL 1038748, at *3 (N.D. Ga.). Ripeness, as an Article III doctrine, ultimately "goes to whether [a] district court had subject matter jurisdiction to hear the case." *Dig. Properties, Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997). "It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insured's liability." *Essex Ins. Co. v. Sega Ventures, LLC,* 2015 WL 1505979, at *3 (S.D. Ga.). *See also, Smithers Constr., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) ("[A]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit."); *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1373 (N.D. Ga. 2009) ("The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur. To do so would amount to an advisory opinion."); *State Farm Fire & Cas. Co. v. Myrick*, 2007 WL 3120262, at *2 (M.D. Ala.) ("Resolving the duty to indemnify

before the underlying case is concluded could potentially waste resources of the court because the duty to indemnify could become moot.”).

The reason for this overwhelming authority on cases like this one not being ripe with respect to indemnification is because the duty to indemnify is separate from the duty to defend and depends on whether the insured “becomes legally obligated to pay [sums] as damages because of ‘bodily injury’ or ‘property damage.’” *Nationwide Mut. Fire Ins. Co. v. Somers*, 591 S.E.2d 430, 434 (Ga. App. 2003). As a result, an insurer might be required to defend an insured, but at the end of the underlying lawsuit, have no duty to indemnify him. *See*, *Trizec Properties v. Biltmore Constr. Co.*, 767 F.2d 810, 812 (11th Cir. 1985). Thus, disputes related to an insurer’s duty to indemnify are typically not ripe until liability is established in the underlying action, as “[t]he duty to indemnify is dependent upon the entry of a final judgment, settlement or a final resolution of the underlying claims.” *See, J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App’x 918, 927 (11th Cir. 2014).

In this case, the Insurers seek a declaration that they are not required to indemnify Five Paces in the event there is a judgment in the Underlying Lawsuit. (E.g., Doc 1, ¶56) They also allege there is no duty to indemnify for punitive damages. (Doc 1, Count VI)

No one knows if there will ever be a judgment in the Underlying Lawsuit, and no one knows it if will include punitive damages. No duty to indemnify has been triggered and no punitive damages awarded, so this Court would be issuing an advisory opinion on these issues. This Court should dismiss these prayers without prejudice. In the event there is a judgment in the future, the Insurers can bring the claim if appropriate. If that judgment includes punitive damages, that can be addressed as well. Until then, those counts are not ripe, this Court lacks jurisdiction over them, and they should be dismissed.

### D. Nothing with Regard to the Excess Policy is Ripe.

Scottsdale alleges Five Paces breached the notice condition. (Doc 1, Count III) According to the allegations in the Insurers' Petition, however, HSIC is providing the defense to Five Paces. (Doc 1, ¶7) Scottsdale does not allege it is defending. Scottsdale does not allege it has any present duties under its policy to Five Paces. At this time, no duties under the Scottsdale policy are ripe for adjudication.

### E. In the Alternative, this Court Should Exercise its Discretion to Decline to Hear This Unnecessary Litigation.

"[A] district court has substantial discretion in deciding whether to entertain a declaratory judgment action, even if the action properly falls within the court's jurisdiction." *Erie Indem. Co. v. Acuity, a Mut. Ins. Co.*, 2006 WL 2048310, *2

(N.D. Ga.) (exercising discretion to dismiss insurer's declaratory judgment action). The Supreme Court has ruled that the discretion to decline jurisdiction is informed by matters of "practicality" and "wise judicial administration." *Id* (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "The Declaratory Judgment Act is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Id*. This discretion arises from the plain language of the Declaratory Judgment Act, which states that a district court "**may** declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C.A. § 2201(a) (emphasis added).

For the reasons argued by Five Paces in its motion, filed contemporaneously herewith, this Court should decline to hear the Insurers' Petition.

In addition, this Court should decline to hear the Petition because at least part of the Insurers' purpose is to depose Ms. Hunter in this action, as they never did so in the Underlying Lawsuit. (Exhibit A, ¶13) HSIC alleges that it defended at least for some time. Why it chose not to have its chosen counsel depose Ms. Hunter is unknown. HSIC should not be allowed to use this proceeding to conduct discovery in the Underlying Lawsuit.

Respectfully submitted September 24, 2019.

*/s/ Richard E. Dolder*
Richard E. Dolder
Georgia Bar No. 220237
James (Jay) Sadd
Georgia Bar No. 622010
SLAPPEY & SADD, LLC
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 (telephone)
jay@lawyersatlanta.com
rich@lawyersatlanta.com
Attorneys for Ms. Hunter

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Defendant Annalee Hunter's Motion to Dismiss and Notice of Joinder with Five Paces' Motion to Dismiss** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties. I further certify that the foregoing was prepared in Times New Roman 14pt font and otherwise complies with Local Rule 5.1.

Respectfully submitted September 24, 2019.

*/s/ Richard E. Dolder*
Richard E. Dolder
Georgia Bar No. 220237
SLAPPEY & SADD, LLC
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 (telephone)
rich@lawyersatlanta.com
Attorney for Ms. Hunter