State Court of Fulton County
**E-FILED**
18EV002873
6/18/2019 4:49 PM
LeNora Ponzo, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

ANNALEE HUNTER,

Plaintiff,

v.

THE FIVE PACES INN CO.,

Defendant.

CIVIL ACTION FILE NO. 18EV002873

**DEFENDANT'S MOTION TO REOPEN DISCOVERY**

COMES NOW Defendant The Five Paces Inn Co. ("Defendant" or "Five Paces") and, pursuant to Rule 5.1 of the Uniform Rules of the Superior Courts of the State of Georgia, respectfully requests the Court reopen discovery in this case to allow time for Defendant to complete discovery needed in responding to and defending against Plaintiff's claims in the above-styled case. In support thereof, Defendant shows as follows:

1.

This case arises out of an incident that occurred on or about July 3, 2016, in which Plaintiff Annalee Hunter ("Plaintiff") allegedly suffered severe personal injuries which she claims were the result of certain acts and omissions of Defendant.

2.

Plaintiff filed her Complaint for Damages approximately one year ago on June 19, 2018. Defendant timely filed its answer on August 8, 2018 pursuant to agreed stipulation by the parties. At that time, Defendant was represented by prior counsel of record.

**EXHIBIT**
**A**

3.

During the Fall of 2019, the parties diligently and cooperatively engaged in discovery, including written discovery requests served by both parties to which the parties have responded.

4.

The parties previously submitted a joint request to extend the discovery period for additional time to allow the parties to complete discovery. On January 30, 2019, the Court entered an Order granting the parties' Joint Motion to Extend Discovery and ordered that discovery in this case would be extended through and including June 8, 2019.

5.

The Court further ordered that any additional requests for discovery extensions shall be accompanied by a full scheduling order that includes mediation deadlines before the Court would consider the request.

6.

Defendant subsequently substituted its counsel of record in this case. On February 28, 2019, Brian W. Burkhalter of Patel Burkhalter Law Group filed a Notice of Substitution of Counsel which provided notice that William H. Larsen, Amanda M. Schwartz, and the law firm of Martin Snow, LLP were no longer representing Defendant in this case and Mr. Burkhalter and Patel Burkhalter Law Group were now representing Defendant as substituted counsel in this case.

7.

Soon after the substitution of counsel, the parties began to engage in settlement discussions with the intent of resolving this matter among the parties without the need for a trial. Since March 2019, counsel for the parties have been engaged in extended settlement discussions. During this

time the parties did not engage in additional discovery but instead focused their efforts on resolving this matter and avoiding unnecessary litigation expenses.

8.

Despite the parties' efforts to reach a resolution to resolve this matter to avoid the need for a trial, to date, the parties have not been successful in resolving this matter.

9.

The discovery period was scheduled to close on June 8, 2019. When it became clear the parties would not resolve this matter prior to the scheduled close of discovery, counsel for Defendant requested the Plaintiff consent to a second extension of the discovery period to allow time to complete discovery and take depositions in this case in the event the parties could not resolve this matter through the current settlement discussions. Plaintiff did not consent to a second extension of the discovery period. The parties continued to engage in settlement discussions with negotiations continuing through the past week, albeit unsuccessfully. Counsel for Plaintiff has now indicated they intended to request the case be put on the next available trial calendar.

10.

On June 17, 2019, approximately one week after the close of discovery on June 8, 2019, Plaintiff filed a Stipulation to Next Trial Calendar in which Plaintiff requested this case be scheduled for the next available trial calendar.

11.

Defendant respectfully requests the Court remove this case from any upcoming trial calendar and reopen discovery for a period of an additional sixty (60) days to allow time for Defendant to complete its remaining discovery needed to prepare for trial and obtain additional

information to respond to Plaintiff's claims and allegations in this case as well as information to support its defenses at trial.

12.

"A trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed unless a clear abuse of that discretion is shown." *Quarterman v. Cullum*, 311 Ga. App. 800, 803, 717 S.E.2d 267 (2012) (quoting *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 673, 563 S.E.2d 533 (2002)). In *Freeman v. Foss*, 298 Ga. App. 498, 680 S.E.2d 557 (2009), the parties had been engaged in settlement negotiations prior to trial. When it became the parties would not settle prior to trial, counsel for the defendant requested the plaintiffs supplement their discovery responses with information about their expert witness and allow for the scheduling of his deposition. The defendant ultimately filed a motion to remove the case from the trial calendar and reopen discovery, which the trial court granted.

13.

Here, Defendant respectfully requests additional time to complete needed discovery, including taking the party deposition of the Plaintiff in this case. Defendant used due diligence during the discovery period by engaging in written discovery, including serving its own written discovery and responding to written discovery served by Plaintiff. Defendant did not complete all discovery it needed during the discovery period because for several months the parties were focused on ongoing settlement discussions with the goal of resolving this matter without incurring any additional, unnecessary litigation expenses. As noted above, those settlement negotiations began in March of this year soon after Defendant substituted its counsel of record for the current counsel and continued up to the timing of the scheduled close of the discovery period, with neither party engaging in discovery efforts during that time. Despite their extended efforts to reach a

resolution to avoid the need for a trial, the parties were unable to resolve this matter prior to the close of discovery. Now it is unclear whether the parties can resolve this matter without the need for a trial, particularly given Plaintiff's refusal to consent to an extension of discovery and recently expressed intent to proceed forward to trial as reflected in her request for the Court to place this case on the next available trial calendar despite the parties' settlement discussions.

14.

Prior to proceeding to trial, Defendant needs further discovery to respond to Plaintiff's claims and support its defenses at the trial of this case. In particular, Defendant needs more time to take the deposition of Plaintiff and possibly other non-party depositions, which will produce evidence material to Defendant's defenses.

15.

In accordance with the Court's January 30, 2019 Order, Defendant has attached a proposed Order Reopening Discovery and Scheduling Order as Exhibit A hereto. The proposed Order includes mediation deadlines.

WHEREFORE, for the foregoing reasons, and for good cause shown, Defendant respectfully requests the Court grant its Motion to Reopen Discovery by removing this case from any upcoming trial calendar and reopening discovery for an additional sixty (60) day period.

Respectfully submitted this 18th day of June, 2019.

*s/ C. Melissa Ewing*
Brian W. Burkhalter, Esq.
Georgia Bar No. 095809
C. Melissa Ewing, Esq.
Georgia Bar No. 253383
April Freeman, Esq.
Georgia Bar No. 517093
PATEL BURKHALTER LAW GROUP
4045 Orchard Road
Building 400
Atlanta, GA 30080
Tel: (678) 466-7878
E-Fax: 1+(678) 547-3119

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that on this day I served counsel of record with a copy of the foregoing by filing with the Clerk of Court using its electronic filing system, which will automatically send email notification of such filing to the following counsel of record:

James (Jay) Sadd, Esq.
Edward M. Wynn, Esq.
SLAPPEY & SADD, LLC
352 Sandy Springs Circle
Atlanta, Georgia 30328

Mark W. Thomas, Esq.
MARK THOMAS & ASSOCIATES, P.C.
352 Sandy Springs Circle
Atlanta, Georgia 30328

This 18th day of June, 2019.

*/s/ C. Melissa Ewing*
C. Melissa Ewing, Esq.
Georgia Bar No. 253383

PATEL BURKHALTER LAW GROUP
4045 Orchard Road
Building 400
Atlanta, Georgia 30080
Phone: (678) 466-7878
E-Fax: 1+(678) 547-3119

*Counsel for Defendant*

# EXHIBIT A

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANNALEE HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>THE FIVE PACES INN CO.,<br><br>Defendant. | CIVIL ACTION FILE NO. 18EV002873 |

**ORDER REOPENING DISCOVERY AND SCHEDULING ORDER**

This matter is before the Court on Defendant's Motion to Reopen Discovery. Having read and considered the entire record of the case, and for good cause shown, said Motion is **HEREBY GRANTED**. Consequently, **IT IS ORDERED** that discovery in the above-styled case shall be reopened for an additional period of sixty (60) days commencing on the date of the entry of this Order. **IT IS FURTHER ORDERED** that this case shall not be placed on any trial calendar until after the expiration of this additional period of discovery, and the parties shall participate in and complete mediation prior to this case being placed on a trial calendar. The parties must complete mediation within thirty (30) days after the expiration of the reopened discovery period and file a report of the results of such mediation with the Court within five (5) days upon completion of the mediation. After receipt of the report of mediation, in the event the mediation was not successful in resolving this matter, then the Court shall place this case on the next available trial calendar.

**SO ORDERED**, this ______ day of ____________________, 2019.

____________________________
The Honorable Patsy Y. Porter
State Court of Fulton County