**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **ANNALEE HUNTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 18EV002873** |
| **v.** | ) | |
| | ) | |
| **THE FIVE PACES INN CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED CONSOLIDATED PRETRIAL ORDER**

The following constitutes a proposed consolidated pretrial order in the above action:

1.

The name, address and phone number of the attorneys who will conduct the trial are as follows:

**Plaintiff:**

James (Jay) Sadd, Esq.
Michael Keller, Esq.
SLAPPEY & SADD, LLC
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 Office
(404) 255-7340 Facsimile
jay@lawyersatlanta.com
michael@lawyersatlanta.com

Mark Thomas, Esq.
MARK THOMAS & ASSOCIATES, P.C.
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 523-8000 Office
(404)523-2888 Facsimile
mark@markthomaslaw.com

EXHIBIT
B

**Defendant:** Patrick Timony[1]
PATEL BURKHALTER LAW GROUP
4045 Orchard Road, Building 400
Atlanta, Georgia 30080
(678) 466-787 Office
(678)547-3119 Facsimile
ptimony@patelburkhalter.com

2.

The estimated time required for trial is: **3-4 days**.

3.

There are no motions or other matters pending for consideration by the Court except as follows:

**Plaintiff: Plaintiff reserves the right to file any motion *in limine* before or during trial as evidentiary issues arise. Plaintiff opposes motions listed by Defendant below.**

**Defendant: Defendant filed a Motion to Reopen Discovery and a Motion to Continue, both of which remain rending. The Motion to Reopen Discovery requests a limited period (60 days) to complete depositions prior to consideration of the case. The Motion to Continue seeks to allow the simultaneously pending criminal trial to proceed before consideration of any civil liability. Defendant reserves the right to file additional Motions, including Motion for Summary Judgment, Motions in Limine and/or any other necessary motions regarding evidentiary or other matters as developed both before and during the trial.**

4.

The jury will be qualified as to relationship with the following:

[1] Mr. Timony's wife is currently thirty weeks pregnant and he expects his first child on or around September 12, 2019. If this Court decides not to continue this matter based on Mr. Robles' criminal trial, Defendants request that the Court consider this event in setting a trial.

**<u>Plaintiff:</u>**

**Persons related by blood or marriage to:**

**Annalee Hunter;**

**The Five Paces Inn, Co.**

**Shana Pope;**

**Todd Pope;**

**James (Jay) Sadd;**

**E. Scott Slappey;**

**Michael Keller and other members of the law firm of Slappey & Sadd, LLC;**

**Mark Thomas and other members of the law firm of Mark Thomas & Associates, P.C.;**

**Patrick Timony, Brian W. Burkhalter, Scott Minot, C. Melissa Ewing and other members of the law firm of Patel Burkhalter Law Group;**

**Officers, directors, employees, policy holders, and shareholders and persons related by blood or marriage to officers, directors, employees, policy holders, and shareholders of Houston International Insurance Company.**

**Officers, directors, employees, policy holders, and shareholders and persons related by blood or marriage to officers, directors, employees, policy holders, and shareholders of Scottsdale Insurance Company.**

**(Plaintiff objects to Defendant's listing of witnesses who are not parties in the case.)**

**<u>Defendant:</u>**

**Jay Sadd;**

**Edward M. Wynn;**

**Richard Dolder;**

**Patrick Timony;**

**Annalee Hunter;**

**The Five Paces Inn Co.;**

**Shana Pope;**

**Todd Pope;**

**Greg Smith;**

**Sean Sugrue;**

**David Phillips;**

**Brian "Mick" McDonald;**

**Tribble Reese;**

**José Robles;**

**Enrique Robles.**

5.

a) All discovery has been completed, and the Court will not consider any further motions to compel discovery except for good cause shown. The parties, however, shall be permitted to take depositions of any person(s) for the preservation of evidence for use at the trial.

b) Unless otherwise noted, the names of the parties as shown in the caption to this order are correct and complete and there is no question by any party as to the misjoinder or nonjoinder of any parties.

**Defendant:** **As stated *supra*, Defendant filed a Motion to Reopen Discovery in order to allow time for the parties to complete depositions in this case. Defendant lacked the**

**ability to take Mr. Robles' deposition because of his pending criminal charges. Defendant fully expects Mr. Robles to testify at the criminal trial and this testimony. This motion remains pending for resolution. Defendant reserves the right to take the depositions of Plaintiff's "will call" and "may call" witnesses, Enrique Robles, and any third parties with discoverable information identified in these depositions.**

6.

The following is the Plaintiff's brief and succinct outline of the case and contentions:

**On July 3, 2016 Annalee Hunter and her girlfriends were patrons at Five Paces Inn located on Irby Avenue in Fulton County, Georgia. In the early morning of July 3, 2016 at approximately 2:00a.m., Annalee's friends and other patrons of the bar were asked to leave the premises as it was "closing time." Annalee was in the restroom when closing time was called. Upon leaving the restroom, Annalee was asked if she wanted another drink by the bartender, and she accepted it along with a blue "shot". Annalee trusted the drinks were safe, but they were not. The drinks provided after closing time rendered Plaintiff defenseless. She intended to meet her designated driver and other friends just outside of the bar a few minutes thereafter, so she and others could go home as planned. Annalee's girlfriends attempted to re-enter the bar for the sole purpose of getting her and going home but they were prohibited by Five Paces Inn from re-entry. After being denied re-entrance, Annalee's girlfriends repeatedly texted and/or tried to call her to determine if she was safe and well, and to get her to come outside as planned. They did not receive a response. Ms. Hunter was unlawfully detained by the Defendant and deprived of her personal liberty. In the early hours of July 3, 2016, Enrique Robles, an employee of Five Paces Inn raped and**

**assaulted Annalee Hunter.**

7.

The following is the Defendant's brief and succinct outline of the case and contentions: **On or around July 3, 2016, Plaintiff alleges that Enrique Robles sexually assaulted her after she returned to her home with Mr. Robles from Defendant's bar hours after closing. Plaintiff claims the sexual assault occurred, in part, because Plaintiff drank a compromised beverage, which eliminated her ability to consent to sexual relations. No toxicology testing was ever performed. Currently, the State of Georgia is pursuing criminal charges against Mr. Robles for rape, which he vehemently denies. Barring exceptional or unusual circumstances, the criminal trial will likely occur later this summer. An acquittal significantly impacts Plaintiff's allegations.**[2]

**Before this alleged incident, Mr. Robles worked for Defendant as a door man for almost two years without any complaint or incident. Mr. Robles passed Defendant's orientation process, received outstanding recommendations from Defendant's other employees and participated in continuous education programs and meetings on safety and the effects of alcohol. Mr. Robles received Defendant's Handbook and understood its policies and procedures. Prior to Plaintiff's allegations, Defendant never received any complaints or concerns that anyone, let alone Defendant's employees or contractors, altered the beverages served on Defendant's premises.**

**Plaintiff pursues claims against Defendant for premises liability, negligence *per se* and negligence. Defendant has filed a motion to reopen discovery in order to complete**

[2] As stated *supra*, Defendant lacks the ability to compel Mr. Robles to testify in the civil proceedings until his criminal case occurs. Once Mr. Robles testifies in the criminal proceedings, he no longer can invoke Fifth Amendment protection against self-incrimination. Mr. Robles will not testify in advance of the criminal trial.

**depositions as well as a motion for continuance and reserves the right to amend and/or supplement this outline based on additional information that may be gathered or developed prior to trial.**

8.

The issues for determination by the jury are as follows:

**Plaintiff:** **Negligence;**

**Negligence *per se*;**

**Proximate cause;**

**Liability;**

**False imprisonment;**

**Compensatory Damages; and**

**Attorneys' Fees and Costs (O.C.G.A. 9-11-68).**

**Defendant:**

- **Whether Defendant is liable for Plaintiff's injuries which occurred away from Defendant's premises hours after Defendant closed;**
- **Whether, based on a premise liability theory, Defendant is liable for any damages based on any negligent *per se* violation in furnishing alcoholic drinks to Plaintiff;**
- **Whether there is evidence Defendant furnished any misleading substances to Plaintiff which contributed to her injuries or evidence that Plaintiff consumed substance not ordinarily served to Defendant's patrons;**
- **Whether Defendant is liable for a superseding criminal act of Mr. Robles, if any;**
- **Whether Defendant negligently hired Mr. Robles;**
- **Whether the doctrines of assumption of the risk, last clear chance and/or contributory negligence bar Plaintiff's claims;**
- **Whether Plaintiff possesses sufficient evidence to prove her damages to a reasonable degree of certainty;**

- **Whether Defendant is liable for punitive damages and/or attorneys' fees and, if so, in what amount.**

**Defendant has filed a motion to reopen discovery in order to complete depositions as well as a motion for continuance to allow Mr. Robles' criminal proceeding be completed prior to trial of this matter and reserves the right to amend and/or supplement this outline based on additional information that may be gathered or developed prior to trial.**

9.

Specifications of negligence including applicable code sections are as follows:

**<u>Plaintiff:</u> Defendant violated O.C.G.A. § 51-3-1 by failing to maintain a safe premises.**

**O.C.G.A. § 51-3-1 – Duty of owner or occupier of land to invitee. Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.**

**Defendant violated O.C.G.A. § 51-1-24 by knowingly or negligently, by itself directly and/or through its agents and/or employees, selling, providing, and/or otherwise furnishing one or more adulterated alcoholic beverages to Plaintiff, the use of which resulted in injuries to Plaintiff for which the Defendant is liable in damages.**

**Defendant violated O.C.G.A. § 51-1-23 by knowingly or negligently, by itself directly and/or through its agents and/or employees, selling, providing, and/or otherwise furnishing defective and/or unwholesome provisions to Plaintiff, the use of which resulted in injuries to Plaintiff for which the Defendant is liable in damages.**

**Defendant violated Ga. Comp. R. & Regs. § 560-2-2-.27 by permitting persons,**

**specifically its agents and/or employees, to engage in activity upon its premises which is in violations of the laws or regulations of federal, state, county, and/or municipal authority or regulatory agencies.**

**Defendant violated Ga. Comp. R. & Regs. § 560-2-3-.16 by selling or dispensing drinks not containing the exact brand, brands, or mixtures ordered or requested by the customer or consumer, and/or giving a false, untrue, or misleading impression to the customer or consumer as to the quality of an alcoholic beverage.**

**Defendant violated O.C.G.A. § 51-7-20 by committing false imprisonment in the unlawful detention of the Plaintiff, whereby she was deprived of her personal liberty.**

**Defendant:** **Defendant refers this Court to the law set forth in its Charges.**

10.

If the case is based on a contract, either oral or written, the terms of the contract are as follows: **Not applicable.**

11.

The types of damages and the applicable measure of those damages are as follows:

**Plaintiff:**

**(a) For past medical expenses, the measure of which is the reasonable value thereof, as follows:**

| **PROVIDER** | **DATES OF SERVICE** | **CHARGES** |
|---|---|---|
| Grady Memorial Hospital | 7/04/16 | $ 4,210.08 |
| Mary C. Donahue, LICSW, LCSW | 2/01/19 – 6/24/19 | $ 1,550.00 |
| **CURRENT KNOWN TOTAL** | | **$ 6,760.08+** |

**Defendants object to these damages as they were not disclosed during the discovery process.**

**(b) For future medical expenses, the measure of which is the reasonable value thereof;**

**(c) For past and future physical and mental pain and suffering proximately caused by the Defendant, the measure of which is the enlightened conscience of impartial jurors;**

**(d) For attorney's fees and expenses; and**

**(e) For other further relief as this Court deems appropriate.**

**<u>Defendant:</u> Defendant objects to Plaintiff's attempt to recover any damages whatsoever from Defendant as Plaintiff cannot establish that her damages, if any, were caused by any wrongful action or inaction by Defendant.**

12.

If the case involves divorce, each party shall present to the Court at the pre-trial conference the affidavits required by Rule 24.2:

**Not applicable.**

13.

The following facts are stipulated: **The Parties have not yet agreed to any stipulations at this time, but will confer prior to trial as to any possible stipulations.**

**<u>Plaintiff</u>: None at this time.**

**<u>Defendant</u>: None at this time.**

14.

The following is a list of all documentary and physical evidence that may be tendered at the trial by the plaintiff and defendants. Unless noted, the parties have not stipulated as to the authenticity of each of the document.

**Plaintiff:**

1. **Grady Memorial Hospital Medical Records;**
2. **Grady Memorial Hospital Medical Bill;**
3. **Georgetown University Hospital Records;**
4. **Georgetown University Hospital Bill;**
5. **Mary C. Donahue, LICSW, LCSW Medical Records;**
6. **Mary C. Donahue, LICSW, LCSW Medical Bill;**
7. **Claudette Pilger Medical Records;**
8. **Claudette Pilger Medical Bills;**
9. **Annalee Hunter's Sexual Assault Kit;**
10. **Atlanta Police Department Offense Report;**
11. **Atlanta Police Department Records;**
12. **The Five Paces Inn Employee Handbook;**
13. **The Five Paces Inn Lease;**
14. **Screenshots and call log from Megan Gobble's phone;**
15. **Independent Contractor Agreement;**
16. **Five Paces Inn Door Duties;**
17. **Five Paces Inn Door Checklist;**
18. **Five Paces Inn Closing Duties;**
19. **Five Paces Inn Closing Checklist;**

**20. Alcohol Training Records for Enrique Robles;**

**21. Five Paces Inn Alcohol License;**

**22. Five Paces Inn Occupation Certificate;**

**23. Any and all documents or other tangible items listed by the Defendant as exhibits;**

**24. Any and all documents produced by Defendant in response to Plaintiffs' Interrogatories and Requests for Production of Documents;**

**25. Any responses to requests for admissions;**

**26. Any exhibits attached to depositions;**

**27. Any deposition transcripts and/or videotaped depositions;**

**Plaintiff reserves the right to use impeachment materials and demonstrative aids as allowed by law without being listed herein. *Ballard v. Meyers*, 275 Ga. 819 (2002). Plaintiff reserves the right to object to any documentary or physical evidence for reasons of hearsay, relevancy, prejudicial effect or general inadmissibility. Plaintiff further reserves the right to amend this list of documentary and physical evidence prior to trial, upon notice to Defendant.**

**Defendant objects to Plaintiff's identification of the following exhibits: (1) Grady Memorial Hospital Records; (2) Grady Memorial Hospital Medical Bill; (3) Georgetown University Hospital Records; (4) Georgetown University Hospital Bill; (5) Mary C. Donahue, LICSW, LCSW Medical Records; (6) Mary C. Donahue, LICSW, LCSW Medical Bill; (7) Claudette Pilger Medical Records; and (8) Claudette Pilger Medical Bills as these documents were not disclosed to Defendant during discovery. Defendant further objects to these exhibits based on hearsay and lack of authentication.**

**<u>Defendant:</u>**

1. **Robles Independent Contractor Report;**
2. **Defendants' Handbook;**
3. **Door Duties Sheet;**
4. **Robles' Alcohol Education Tests;**
5. **Atlanta Police Department Report;**
6. **July 4, 2016 – Rape Test Kit;**
7. **July 2-3, 2016 – Credit Card Transaction Receipts;**
8. **Transcript and Exhibits from Robles' Criminal Trial;**
9. **Plaintiff's interviews with the Atlanta Police Department;**
10. **Copies of documents for impeachment purposes, as necessary;**
11. **Any and all documents identified or referred to in discovery or depositions by either party; and**
12. **Any and all documents identified by Plaintiff to the extent not otherwise objected.**

**Defendant has filed a motion to reopen discovery in order to complete depositions as well as a motion for continuance and reserves the right to amend and/or supplement this outline based on additional information that may be gathered or developed prior to trial.**

**Defendant does not stipulate as to the authenticity of any of the documents listed by Plaintiff, as Defendant has not reviewed same. Additionally, Defendant reserves the right to raise any and all objections to any documentary or physical evidence listed by Plaintiff upon it being marked and offered into evidence. The parties reserve the right to amend the lists of documentary and physical evidence upon reasonable notice.**

15.

Special authorities relied upon by **Plaintiff** relating to peculiar evidentiary or other legal

questions are as follows:

**None at this time.**

16.

Special authorities relied upon by **Defendant** relating to peculiar evidentiary or other legal questions are as follows:

**Defendant has filed a motion to reopen discovery in order to complete depositions as well as a motion for continuance and reserves the right to amend and/or supplement this outline based on additional information that may be gathered or developed prior to trial.**

17.

All requests to charge anticipated at the time of trial will be filed in accordance with Rule 10.3. Additionally, all parties respectfully reserve the right to add further charges at the time the jury is charged based on evidence produced at trial not otherwise anticipated or contemplated at the time trial began.

18.

The testimony of the following person(s) may be introduced by depositions:

**Plaintiff:**

1. **Any witness whose deposition was or will be taken for preservation of evidence in use at trial;**
2. **Any witness who is unavailable at the time of the trial;**
3. **Deposition of the parties.**

**Defendant:** **At this time, Defendant does not intend to introduce the testimony of any person by deposition. Defendant does intend to use the transcript of Plaintiff's testimony from the criminal trial for purposes of cross-examination and impeachment.**

**Any objections to the depositions or questions or arguments in the depositions shall be called to the attention of the court prior to trial.**

**The parties reserve the right to introduce the testimony of any witness or party by deposition, upon a proper legal showing. The parties also reserve the right to take evidentiary depositions and depositions which are videotaped, as necessary prior to trial, and to introduce same.**

**Defendant has filed a motion to reopen discovery in order to complete depositions as well as a motion for continuance and reserves the right to amend and/or supplement this outline based on additional information that may be gathered or developed prior to trial.**

19.

The following are lists of witnesses the Plaintiff and Defendant will have present at trial:

**Plaintiff *will* have present at trial:**

**Annalee Hunter;**

**Plaintiff *may* have present at trial:**

1. **Jalonn Beadle**
2. **Megan Gobble**
3. **Juliane Enrique**
4. **Jaida Pervis**
5. **Carl Hunter**
6. **Beth Hunter**
7. **Katherine Hunter**
8. **Johnquell Neal**
9. **Claudette Pilger**

10. **Mary Catherine Donahue**
11. **Matthew Wheatley, M.D.**
12. **Jessica Menke, RN**
13. **Thomas J. Cummings, M.D.**
14. **Ryan A. Vesny, M.D.**
15. **Korin Hudson, M.D.**
16. **Jose Victor Lim Nable, M.D.**
17. **William L. Cohen, M.D.**
18. **Kathleen M. Dillon, RN**
19. **Alyssa S. McCracken, RN**
20. **Todd Pope**
21. **Shana Pope**
22. **Enrique Robles-Perez**
23. **Gregory Smith – Security Officer**
24. **Tribble Reese - Bartender**
25. **David Phillips - Bartender**
26. **Jenni Leigh Robson - Bartender**
27. **Sean Sugrue - Bartender**
28. **Brian “Mick” McDonald - Bartender**
29. **Heather Carroll - Bartender**
30. **Shannon Robinson - Bartender**
31. **Chris McBride - Bartender**
32. **Lucy Unteanu - Bartender**

**33. Anja Kolmers - Bartender**

**34. Camden McKenzie - Bartender**

**35. Joe Naughton - Doorman**

**36. Jason Clark - Doorman**

**37. Thomas Townsend - Doorman**

**38. Dan Wise – Five Paces Inn Partner**

**39. Colin Daniel – Five Paces Inn Partner**

**40. Wilson Borden – Five Paces Inn Partner**

**41. Jeff Euart – Five Paces Inn Partner**

**42. Jose Robles – Enrique's brother**

**43. Officer Gilliam-Smith**

**44. Officer P. Joseph**

**45. Officer Priestly**

**46. Any person listed by any other party;**

**47. Any person necessary to authenticate, establish chain of custody or lay foundation for any exhibit;**

**48. Any of Plaintiff's treating physicians or other medical providers who treated her prior to or subsequent to the incident;**

**49. Any other persons necessary for the purposes of impeachment;**

**50. Any other persons necessary for the purposes of rebuttal;**

**51. Any witnesses designated by any Defendant;**

**Plaintiff reserves the right to amend this list of witnesses and will do so by giving timely written notice to opposing counsel.**

**Defendants object to the following witness: (1) Thomas J. Cummings, M.D.; (2) Ryan A. Vesny, M.D.; (3) Korin Hudson, M.D.; (4) Jose Victor Lim Nable, M.D.; (5) William L. Cohen, M.D.; (6) Kathleen M. Dillon, RN; and (7) Alyssa S. McCracken, RN as these witnesses were not disclosed or identified during discovery.**

**Defendant *will* have present at trial:**

**Shana Pope**

**Defendant *may* have present at trial:**

1. **Enrique Robles**[3]
2. **Todd Pope**
3. **Greg Smith**
4. **Antoine Harp**
5. **Sean Sugrue**
6. **Dave Phillips**
7. **Brian "Mick" McDonald**
8. **Tribble Reese**
9. **José Robles**
10. **Jalonn Beadle**
11. **Megan Gobble**
12. **Any witnesses utilized in the Robles criminal proceedings**
13. **Any witnesses listed by the Plaintiff**
14. **Witnesses to authenticate documents, as needed**

[3] Defendant wants to call Enrique Robles in their case-in-chief. However, Mr. Robles availability as a witness depends on Mr. Robles' decision to testify in his underlying criminal case. This concern is alleviated if trial in this matter occurs after Mr. Robles' criminal proceeding is finalized. For this reason, among others, Defendants requested a continuance.

**15. Witnesses identified during discovery;**

**16. Witnesses to rebut testimony, as needed, witnesses for impeachment purposes, as necessary.**

**Opposing counsel may rely on representation by the designated party that he will have a witness present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or obtain his testimony by other means.**

20.

The form of all possible verdicts to be considered by the jury include the following:

**General Verdict Form. The parties will confer to attempt to reach a mutually-agreeable verdict form to present to the Court prior to the charge conference.**

**Defendant:**

**We, the jury, find in favor of:**

**______ Plaintiff and award the following amount $________________**

**______ Defendant**

**Defendants reserve their right to submit a more substantive verdict form as trial approaches.**

21.

(a) The possibilities of settling the case are:

**Plaintiff**: **Slim**

**Defendant**: **Fair**

(b) The parties **do** want the case reported.

(c) The cost of take-down **will be shared equally by all parties.**

(d) Other matters:

**Plaintiff: None at this time.**

**Defendant: Defendant has requested a continuance pending resolution of the simultaneously pending criminal trial related to the same underlying matter at issue in this case.**

Respectfully submitted this 10th day of July, 2019.

**SLAPPEY & SADD, LLC**

*/s/ James (Jay) Sadd*
JAMES (JAY) SADD, ESQ.
Georgia State Bar No.: 622010
MICHAEL KELLER
Georgia State Bar No.: 657224
Attorneys for Plaintiff

SLAPPEY & SADD, LLC
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 Office
(440) 255-7340 Facsimile
jay@lawyersatlanta.com
edward@lawyersatlanta.com

/s/ Patrick C. Timony
Brian W. Burkhalter, Esq.
Georgia Bar No. 095809
C. Melissa Ewing, Esq.
Georgia Bar No. 253383
April Freeman, Esq.
Georgia Bar No. 517093
Patrick C. Timony, Esq.
Georgia Bar No. 662367
PATEL BURKHALTER LAW GROUP
4045 Orchard Road
Building 400
Atlanta, GA 30080
Tel: (678) 466-7878
E-Fax: 1+(678) 547-3119

*Counsel for Defendant*

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **ANNALEE HUNTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 18EV002873** |
| **v.** | ) | |
| | ) | |
| **THE FIVE PACES INN CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

It is hereby ordered that the foregoing, including the attachments thereto, constitutes the Pretrial Order in the above case and supersedes the pleadings, which may not be further amended except by order of the Court to prevent manifest injustice.

This _____ day of _________________, 2019.

_________________________________
HONORABLE PATSY Y. PORTER
Judge, State Court of Fulton County

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **ANNALEE HUNTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 18EV002873** |
| **v.** | ) | |
| | ) | |
| **THE FIVE PACES INN CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the **PROPOSED CONSOLIDATED PRETRIAL ORDER** electronically using the eFileGA filing system which will automatically send e-mail notification of such filing to the following counsel of record and others who are eFileGA participants.

Brian W. Burkhalter, Esq.
C. Melissa Ewing, Esq.
PATEL BURKHALTER LAW GROUP
4045 Orchard Road, Building 400
Atlanta, Georgia 30080
*Counsel for Defendant The Five Paces Inn Co.*

Mark W. Thomas, Esq.
MARK THOMAS & ASSOCIATES, P.C.
352 Sandy Springs Circle
Atlanta, GA 30328
*Co-counsel for Plaintiff*

This 10th day of July, 2019.

*/s/ James (Jay) Sadd*
JAMES (JAY) SADD, ESQ.
Georgia State Bar No.: 622010
*Attorney for Plaintiff*

**SLAPPEY & SADD, LLC**
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 Office
(440) 255-7340 Facsimile
jay@lawyersatlanta.com