[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10209
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-03319-CAP

HOUSTON SPECIALTY INSURANCE COMPANY,
SCOTTSDALE INSURANCE COMPANY,

                        Plaintiffs-Appellants,

versus

THE FIVE PACES INN CO.,
ANNALEE HUNTER,

                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 27, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

This insurance dispute arises from a lawsuit filed by Annalee Hunter against Five Paces Inn, an Atlanta bar. After Hunter sued in the State Court of Fulton County, Georgia, Five Paces's insurers brought a declaratory judgment action to clarify whether they had an obligation to defend and indemnify Five Paces. Hunter filed a motion to dismiss, which the district court granted. After de novo review, we affirm.

The background and procedural history are well-known to the parties and were recited at length by the district court. We provide only a brief summary of the most important facts here. On a summer night in 2016, Hunter and several female friends were enjoying themselves at Five Paces. Hunter was in the restroom when the bar began to close at approximately 2:00 a.m. The bar was cleared of patrons, including Hunter's friends. When Hunter emerged from the restroom, a bartender offered her another drink. He gave her a drink and a "blue shot." According to Hunter, one or both of these beverages rendered her defenseless, which led to a vicious assault by one of the bartenders. Hunter's suit names a bartender who she says "assaulted and raped" her "in unspeakable ways," which caused "severe and permanent harm." She sued Five Paces, alleging premises liability, negligence, and negligence per se.

At the time of the assault, Five Paces had two commercial liability insurance policies: a commercial general liability policy issued by Houston Specialty

Insurance Company and an umbrella policy issued by Scottsdale Insurance Company. The Houston policy has general liability and liquor liability limits of $1,000,000 per occurrence, but excludes from this coverage any injury "arising out of or resulting from" an assault, battery, or other harmful contact. Instead, assault and battery coverage is subject to a $25,000 sublimit. This limited assault and battery coverage excludes injuries "arising, directly or indirectly, out of sexual assault, abuse or molestation." The Scottsdale policy is subject to "the same provisions, exclusions and limitations that are contained in the applicable 'controlling underlying insurance'"—here, the Houston policy.

Houston and Scottsdale filed the present action seeking a declaration that they have neither a duty to indemnify nor a duty to defend. The district court dismissed as premature the portion of Houston and Scottsdale's complaint dealing with the duty to indemnify. It further dismissed the portion of their complaint dealing with the duty to defend, ruling that "the allegations on the face of the underlying lawsuit set forth a claim of potential coverage." Houston and Scottsdale now appeal the latter determination. An "insurer's duty to defend is broader than its duty to indemnify," so a declaration that neither company had a duty to defend Five Paces would necessarily relieve them of a duty to indemnify the bar. *Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 317 (2007).

3

Because the insurance policies were delivered in Georgia, this case is controlled by Georgia insurance law. *See Am. Family Life Assur. Co. of Columbus v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989). In Georgia, "whether an insurer has a duty to defend depends on the language of the policy as compared with the allegations of the complaint." *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407–08 (2012). The insurer has a duty to defend an action if "the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage." *Id.* at 408 (citation omitted). We describe the facts here as they are alleged in the complaint.

As the district court said, this dispute is essentially about the meaning of the phrase "arising out of" in Houston's policy. If Hunter's suit against Five Paces alleges injuries "arising out of" assault or battery (or sexual assault), then Houston and Scottsdale are correct that the lower sublimit (or the sexual assault exclusion) applies.

In Georgia, insurance contracts are "liberally construed in favor of coverage." *Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 304 Ga. App. 314, 320 (2010) (citation and internal punctuation omitted). Thus, when the phrase "arising out of" is found in an exclusionary clause of an insurance policy, Georgia courts interpret that phrase narrowly, "applying the 'but for' test traditionally used to determine cause-in-fact for tort claims." *Id.* at 321. Like blanket exceptions and

exclusions, limitations on coverage, such as sublimits, are subject to the same narrowing construction. *See Alley v. Great Am. Ins. Co.*, 160 Ga. App. 597, 600 (1981).

Houston and Scottsdale are unable to show that assault or battery were "but for" causes of Five Paces's potential liability. Hunter was injured the moment she consumed an incapacitating beverage, regardless of any subsequent assault by a Five Paces bartender. This point is clearer if we imagine that Hunter had been assaulted at a second bar. In that counterfactual, Five Paces would still potentially have liability because of its negligent service; it was the drink service itself that created that liability. After all, the Houston policy states that the company is responsible for paying "damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." Houston and Scottsdale cannot escape this fact merely because Hunter had the misfortune of being assaulted in the same bar that served her the incapacitating drink.

The insurance companies also argue that Five Paces's service of drinks to Hunter constituted an assault under Georgia law. This argument, however, turns on just one possible interpretation of Hunter's complaint—and not even the best interpretation. By the words of her complaint, Hunter does not allege that she was drugged or poisoned, but that she was served "unwholesome" drinks. The district

court analyzed that allegation, noting that while assault is an intentional tort, Hunter's complaint says nothing directly about what the offending bartender intended: "while the complaint can certainly be read to support the plaintiffs' theory that [the bartender] purposefully drugged Hunter with the intent to rape her, it could also be read to allege that he took advantage of her incapacity—caused by his own negligence or that of a coworker—and assaulted her only after the opportunity presented itself." We do not disagree.

\*　\*　\*

We are compelled to resolve doubt as to an insurer's duty to defend in favor of the insured. *See Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565 (1997). Here, there is at least enough doubt as to coverage to sustain that duty. This is not a suggestion, of course, that Houston or Scottsdale must necessarily indemnify Five Paces. But "[a]lthough an insurer need not indemnify an insured for a liability the insured incurs outside the terms of the insurance contract, an insurer must provide a defense against any complaint that, if successful, might *potentially or arguably* fall within the policy's coverage." *Elan Pharm. Research Corp. v. Employers Ins. of Wausau*, 144 F.3d 1372, 1375 (11th Cir. 1998) (emphasis added). The judgment of the district court is therefore **AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 27, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-10209-HH
Case Style: Houston Specialty Insurance C, et al v. The Five Paces Inn Co., et al
District Court Docket No: 1:19-cv-03319-CAP

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher Bergquist, HH at 404-335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs